GRIFFIN, Circuit Judge,
dissenting.
I join in Sections II. A. and B. of Judge Clay’s opinion, but respectfully dissent from the majority’s remand for resentenc-ing and holding that “[fjailure to address a nonfrivolous argument is [ ] reversible error even on plain error review.” The majority relies on United States v. Wallace, 597 F.3d 794 (6th Cir.2010), for the proposition that a sentencing court’s failure to address a defendant’s nonfrivolous leniency argument constitutes plain error because it clearly violates 18 U.S.C. § 3553(c)(1), affecting the defendant’s substantial rights. 597 F.3d at 806-07. However, Wallace was wrongly decided, and, because it conflicts with the holding of United States v. Vonner, 516 F.3d 382 (6th Cir.) (en banc), cert. denied, — U.S. -, 129 S.Ct. 68, 172 L.Ed.2d 26 (2008), it is not precedentially binding. See Rutherford v. Columbia Gas, 575 F.3d 616, 619 (6th Cir.2009) (it is a well-established rule that a panel of this court may not overrule a prior published decision absent en banc review or an intervening and binding *443 change in the state of the law); 6th Cir. R. 206(c).
I would affirm the procedural and substantive reasonableness of defendant Pritchard’s sentence and therefore respectfully dissent.
I.
First, the record reveals that the district court adequately considered Pritchard’s low-risk-of-recidivism argument and explained its reasons for rejecting it. Accordingly, defendant has not sustained his burden of demonstrating procedural error, let alone plain error.
In Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), the Supreme Court instructed that a “sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties’ arguments and has a reasoned basis for exercising his own legal decisionmaking authority.” Id. at 356, 127 S.Ct. 2456 (emphasis added). Since the Supreme Court decided Rita, we have held repeatedly that “ ‘[w]hen a district court adequately explains why it imposed a particular sentence, especially one within the advisory Guidelines range, we do not further require that it exhaustively explain the obverse — why an alternative sentence was not selected in every [case].’ ” United States v. Simmons, 587 F.3d 348, 360 (6th Cir.2009) (quoting United States v. Gale, 468 F.3d 929, 940 (6th Cir.2006)) (citing United States v. Fernandez, 443 F.3d 19, 29[] (2d Cir.), cert. denied, 549 U.S. 882, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006)) (applying “a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise”).
Time and again, we have stated that a district court need only articulate its reasoning in a manner sufficient to allow for meaningful reasonableness review by appellate courts. See United States v. Ferguson, 456 F.3d 660, 665 (6th Cir.2006); United States v. Jones, 445 F.3d 865, 869 (6th Cir.2006); see also United States v. Brissett, 375 Fed.Appx. 473, 476-77 (6th Cir.2010). Our review is constrained because “the clear, overriding import of [Rita, 551 U.S. at 338, 127 S.Ct. 2456, Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) ] is that appellate courts must respect the role of district courts and stop substituting their judgment for that of those courts on the front line.” United States v. Phinazee, 515 F.3d 511, 521 (6th Cir.2008).
In the present case, after conducting a lengthy sentencing hearing, considering live testimony from Pritchard’s expert witnesses, and asking several substantive questions of the witnesses, the district judge sentenced Pritchard to 50 months of imprisonment, squarely within the 46-57 month range[1] recommended by the applicable Guidelines:
In this case, I have set the offense level at 23, and the criminal history category at 1. I also considered the nature — Section 3553(a) factors. First among those, I consider the nature and the circumstances of the offense. This did involve the Defendant’s attempt to solicit sex with a prepubescent minor through an Internet chat room. Conversations associated with that took place over a large number of dates, took place over a relatively significant period of time, also involved descriptions and solicitations that, you know, were completely offensive. And so I find the nature and the circumstances of the offense suggest a *444 sentence in the Guidelines, perhaps higher in the Guideline[s] range. I also consider your own history and characteristics. Especially work to your benefit, you’ve had a stable life, and you’ve had a higher level of education, but perhaps most important, you don’t have [a] prior criminal record. Somewhat ameliorating this is the — some suggestion in the — the e-mails yourself that you did engage in this conduct before. That’s been denied, and it’s not a principal factor, but I think both of those also give some cause for concern to the Court in terms of where to place you within the sentencing ranges. I also consider the need for the sentence to reflect just punishment, afford adequate deterrence, protect the public, and reflect the seriousness of the offense.
This conduct involved potential victimization of somebody that’s 14 years old. There’s — there was testimony and kind of intimation that that should be significantly different than a prepubescent minor. But, I’d find it difficult to make that distinction. To engage in this conduct with a 14-year-old I think reeks as much or near as much as to that victim as a younger child. So I think there is a need to protect the public from this type of conduct and to reflect the seriousness of the conduct. I also consider the types of sentences available. Probation’s [sic] not available. The Guideline[s] range is 46 to 57 months, together with, supervised release following. There’s no issue of sentencing disparities. No issue of restitution. So it’s going to be the conclusion of the Court that you be sentenced to a sentence within the Guideline[s] range somewhat above the lower end of it. What I’m going to do is sentence you to a term of incarceration of 50 months, which is somewhat above the lower end. I pick that, mostly because of the nature of the offense itself. And I reduce it somewhat from what it would have been to reflect the fact that you have had no pnor criminal conduct. After you’re released from incarceration, I’ll put you on supervised release for a term of five years.
(Emphasis added; some original paragraph separation removed.)
The district court correctly calculated the Guidelines range, treated the range as advisory, considered the 18 U.S.C. § 3553(a) factors (specifically touching upon six of the seven factors),[2] weighed the expert’s testimony, and stated its reasons for imposing a within-the-guidelines sentence. Nevertheless, the majority claims that the district court plainly erred because “[t]here is no evidence in the record” that the district court “ ‘listened to [Pritchard’s] argument [and] considered the supporting evidence’ ” regarding his *445 “low risk of recidivism, which is related to Dr. Orlando’s opinion that Defendant does not suffer from pedophilia and that he is not specifically attracted to underage victims.” I respectfully disagree.
We need only review the district judge’s exchange with the expert witness, Dr. Orlando, to learn that the trial judge listened and considered Pritchard’s lower-risk-of-recidivism argument:
[Cross-Examination, Expert Witness, James Orlando, Ph.D.] A: In this particular case, all indications are that Mr. Pritchard is likely to have a lower risk of recidivism. Why it is relevant to the question, of the age of this particular victim is the following: In sex offending, the greater the norm, the more significant the norm that’s broken by a potential or an offender, the higher the likelihood of the chances they’re going to reoffend again in the future. So most pedophilias, for example, are sexually powerfully effected to a narrow, usually eight to ten years of age, whether it’s girls. And those folks have a very high — it’s a greater social norm they’re breaking, and they are very powerfully attracted to the physical characteristics of the victim. That is less likely to be amenable in treatment.
In this case, his sexual attraction was not to the physical characteristics of the particular victim. So that would indicate that he has a lower likelihood of recidivism in the future. So I’m not sure if I’m answering your question but what I’m trying to do is show you the methodology of making a determination in this case.
[Michael A. Sullivan, Counsel for the Government] Q: All right. So you said the greater the norm you deviate from, the more likely you are [to recidivate], is that fair; one of the things you look at? [Expert Witness] A: It’s fair that that’s one of the characteristics we look at.
[Government] Q: In this case, it was more than just engaging in sex with a mother/daughter that Mr. Pritchard was interested in; is that true? He was interested in giving an enema to the 14-year-old girl and engaging in anal sex with the 14-year-old girl. Wouldn’t those be further deviations from the norm than normal sexual activity?
[Expert Witness] A: Those — the sexual interest that he has, those particular sexual interests that he has would not lend that he has a higher likelihood to recidivate again in the future. They are certainly issues to consider in treatment. Are they—
[Government] Q: Wait a minute.
[Expert Witness] A: — practices? Yes. But, are they indicators he’s likely to recidivate? No.
[Government] Q: Even if he’s willing to engage in those?
THE COURT: How would that be? Wouldn’t those be further from the norm?
[Expert Witness] A: The—
THE COURT: Wouldn’t that conduct be further from the norm? I thought your testimony was that the further from the norm, the more difficult it is to treat, the greater the danger of recidivism.
[Expert Witness] A: In terms of the victim, it is, your Honor, but the fact of the matter is that there are many, many people who are engaging in those sexual behaviors in non-illegal ways. Remember recidivism, I’m looking at the likelihood they’re going to be reconvicted for a crime. In Mr. Pritchard’s case, even though those behaviors are striking and when we hear them, we think how atypical it is, the fact of the matter is from a treatment perspective, your Honor, it *446 would be possible for him to maintain those sexual interests and attractions and to have them — engage in them in not illegal behavior.
THE COURT: Isn’t it further from the norm?
[Expert Witness] A: It was further from the norm in terms of the actual sexual activities, but it’s not in — what he did is not further from the norm in terms of the actual victim, the potential victim. For example, if he was wanting to do this to a three-year-old, that would be more of a concern than a 12-year-old. If he was wanting to do this to a five-year-old, that would be more, you know, we would look at it in terms of deviation from the norm more so than a 17-year-old.
THE COURT: I guess wouldn’t the test be whether he wants to engage in more normal sexual conduct with a 14-year-old as opposed to this type of conduct with a 14-year-old; isn’t the fact that he’s talking about this type of conduct suggestive that he’s further from the norm? Isn’t a 14-year-old as opposed to a 14-year-old with this type of activity?
[Expert Witness] A: I guess the only way I can answer it is that I’m not aware of any literature, nor do I in my clinical experience have any indication that that would indicate a greater likelihood for him to recidivate again in the future. The actual behavior that he wanted to engage in with her is his sexual orientation, and it doesn’t— there’s no reason to believe that he’s going to be more likely to act out against an adolescent or a child again in the future because of that behavior.
(Emphasis added; some original paragraph separation removed.)
A few minutes later, the district judge imposed Pritchard’s sentence. Before doing so, he referenced the above-quoted testimony and disagreed with Dr. Orlando’s opinion:
I also consider the need for the sentence to reflect just punishment, afford adequate deterrence, protect the public, and reflect the seriousness of the offense. This conduct involved potential victimization of somebody that’s II years old. There’s — there was testimony and kind of intimation that that should be significantly different than a prepubescent minor. But, I’d find it difficult to make that distinction. To engage in this conduct with a 14-year-old I think reeks as much or near as much as to that victim as a younger child. So I think there is a need to protect the public from this type of conduct and to reflect the seriousness of the conduct.
(Emphasis added.)
From these statements, it is clear that the district judge rejected Dr. Orlando’s opinion that Pritchard’s diagnosis as a non-pedophile was an accurate predictor of his lower risk of recidivism. After all, Pritch-ard plead guilty to violating 18 U.S.C. § 2423(b), (f) (2008), “[tjravel with intent to engage in illicit sexual conduct .... with a person under 18 years of age[.]” (emphasis added). Thus, the district court assessed defendant’s attraction to persons under the age of majority, specifically, girls fourteen years of age, not “prepubescent minor[s]” only. When confronted with this logic, the majority claims that the sentencing judge “failed to address” Pritchard’s ambivalence to “underage” individuals as well. In its efforts, however, the majority overlooks that Dr. Orlando never testified that Pritchard was solely attracted to persons over the age of majority; a fortiori, his conduct was criminal because it involved a potential fourteen-year-old victim.
*447 In this regard, Dr. Orlando testified that Pritchard suffered from “paraphilia[,]” which involves the “ ‘recurrent, intense sexually arousing fantastic, sexual urges, or behaviors generally involving 1) nonhuman objects 2) the suffering or humiliation of oneself or one’s partner, or 3) children or other nonconsenting persons.’ ” Dr. Orlando opined that “[i]n sex offending, the greater the norm, the more significant the norm that’s broken by a potential or an offender, the higher the likelihood of the chances they’re going to reoffend again in the future.” It’s clear from the record that the district judge listened to, considered, and understood Dr. Orlando’s testimony because he asked: “isn’t the fact that he’s talking about [“giving an enema to the 14-year-old girl and engaging in anal sex with the 14-year-old girl”] suggestive that he’s further from the norm? Isn’t [it] a 14-year-old as opposed to a 14-year-old with this type of activity?” Thus, contrary to the majority’s position, the district judge assessed Pritchard’s lower risk of recidivism by considering both the age range of his potential victims, as well as the kind and degree of his sexual predilections.
The district judge was not required to accept Dr. Orlando’s opinion — he was only required to listen and consider it — which he did. The majority finds procedural error, despite an abundance of record evidence to the contrary. Under the law, a trial judge is afforded with a presumption that he listened and considered the evidence before him. Gale, 468 F.3d at 941. Here, the record is clear that he did so.
In United States v. Madden, 515 F.3d 601 (6th Cir.2008), we held that when “[t]he broader ‘context and record’ of the sentencing hearing provide[s] additional support for the conclusion that the court adequately considered [a defendant’s] mitigating argumentn,” the district court’s failure to address a leniency argument during its statement of reasons does not render the defendant’s sentence procedurally unreasonable. Id. at 611. In the present case, the transcript from Pritch-ard’s sentencing hearing confirms that the district court considered his leniency argument when fashioning his within-Guidelines sentence. In my view, the district court said “enough” to demonstrate that he weighed Dr. Orlando’s testimony and “ha[d] a reasoned basis for exercising his own legal decisionmaking authority.” See Rita, 551 U.S. at 356, 127 S.Ct. 2456 (emphasis added).
Under the law of this circuit, the district judge adequately performed his sentencing duties. See Rita, 551 U.S. at 356, 127 S.Ct. 2456; United States v. Petrus, 588 F.3d 347, 356 (6th Cir.2009) (“In sum, although the district court in this case ‘might have said more,’ Rita, 551 U.S. at 359, 127 S.Ct. 2456, the law does not require it.”); United States v. Lapsins, 570 F.3d 758, 773 (6th Cir.2009) (“Although the district judge did not articulate his reasons for rejecting [the defendant’s] arguments, his reasoning was ‘sufficiently detailed to reflect the considerations listed in § 3553(a) and to allow for meaningful appellate review.’ ”) (quoting United States v. Mayberry, 540 F.3d 506, 518 (6th Cir.2008)); Gale, 468 F.3d at 940. There was no procedural error.
II.
A.
Next, assuming arguendo a procedural sentencing error, such an error was not “plain error.” The majority relies on United States v. Wallace, 597 F.3d 794 (6th Cir.2010) for the proposition that “failure to address a nonfrivolous argument is a reversible error even on plain error review.” However, because Wallace is con *448 trary to our holding in United States v. Vonner, 516 F.3d 382 (6th Cir.2008) (en banc), Wallace is not precedentially binding. See Rutherford, 575 F.3d at 619; 6th Cir. R. 206(c).
In Vonner, our en banc court held that when a sentencing court imposes a within-Guidelines sentence, its failure to explain its rejection of a straightforward, nonfrivo-lous leniency argument does not amount to plain error:
At the sentencing hearing, Vonner asked for a downward variance on four grounds: (1) his “neglect[ed]” and “abus[ive]” childhood; (2) his 14-month presentence confinement; (3) his “assistance to the Government”; and (4) the circumstances surrounding his cocaine sales. The court told Vonner, among other things, that it “appreciate[d] the apology [he] offered this morning,” and it “encouraged” him to continue to cooperate with the government and to dedicate his prison time to learning “certain life skills and lifestyles that will be of benefit to [him] when [his] period of incarceration is over.” It then said that it had “considered the nature and circumstances of the offense, the history and characteristics of the defendant, and the advisory Guidelines range, as well as the other factors listed in 18 [U.S.C. § ] 3553(a),” and imposed a 117-month sentence.
No one would call this explanation ideal. It did not specifically address all of Von-ner’s arguments for leniency, and it thus failed to ensure that the defendant, the public and, if necessary, the court of appeals understood why the trial court picked the sentence it did. Whether through an oral sentencing decision or a written sentencing memorandum, a trial court would do well to say more — not because it necessarily must on pain of reversal but because a court is more likely to advance the goals of sentencing if it clearly explains to the defendant why the court denied his request for leniency. See Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007) (“[0]ften at sentencing a judge will speak at length to a defendant, and this practice may indeed serve a salutary purpose.”). A district court’s thorough explanation also “can provide relevant information to both the court of appeals and ultimately to the Sentencing Commission,” which will facilitate appellate review and will “help the Guidelines constructively evolve over time, as both Congress and the Commission foresaw.” Id. at 2469.
Whether the court’s brief explanation for this sentence sufficed or not, any potential error was not “plain.” Although Congress requires a court to give “the reasons” for its sentence, 18 U.S.C. § 3553(c), it does not say that courts must give the reasons for rejecting any and all arguments by the gar-ties for alternative sentences. The statute also distinguishes between within-guidelines sentences like this one and outside-guidelines sentences, requiring judges to give “the specific reason” for imposing an outside-guidelines sentence, 18 U.S.C. § 3553(c)(2), but imposing no similar requirement for within-guidelines sentences [under § 3553(c)(1) ].
Vonner, 516 F.3d at 386-87 (emphasis added) (first and second alterations in original, third alteration added).
Despite our holding in Vonner, the Wallace majority ruled that the district court clearly violated § 3553(c)(1) because it failed to articulate its reason for rejecting the defendant’s leniency argument, specifically, that she should receive a lower sentence because her co-defendant played a more significant role in their conspiracy to *449 distribute oxycodone. 597 F.3d at 802. The Wallace panel arrived at this conclusion because “[n]owhere in the sentencing hearing did the district judge discuss why sentencing [the defendant] to twice as long as [her co-defendant] was appropriate^]” evidencing its failure to consider 18 U.S.C. § 3553(a)(6).[3] Id. at 803. In the majority’s view, the district judge’s error was plain because he “was completely non-responsive to [her leniency] argument[,]” clearly violating his statutory obligation to state in open court his reason for imposing her particular sentence. Wallace, 597 F.3d at 803, 806-08; 18 U.S.C. § 3553(c)(1).[4]
Under the second prong of plain-error review, the appellant must demonstrate that the purported error is either clear or obvious. In United States v. Marcus, — U.S. -, 130 S.Ct. 2159, 176 L.Ed.2d 1012 (2010), the Supreme Court reaffirmed its interpretation of the plain-error doctrine:
[Federal] Rule [of Criminal Procedure] 52(b) permits an appellate court to recognize a “plain error that affects substantial rights,” even if the claim of error was “not brought” to the district court’s “attention.” Lower courts, of course, must apply the Rule as this Court has interpreted it. And the cases that set forth our interpretation hold that an appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an “error”; (2) the error is “clear or obvious, rather than subject to reasonable dispute”; (3) the error “affected the appellant’s substantial rights, which in the ordinary case means” it “affected the outcome of the district court proceedings”; and (4) “the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.”
Marcus, 130 S.Ct. at 2164 (third alteration in original) (internal citations omission).
Thus, a salient question presented in Wallace (and in the present case) — is whether the district judge’s failure to explain his rejection of a nonfrivolous leniency argument when imposing a within-Guidelines sentence is a procedural error that is “subject to reasonable dispute.” Id. (citation and internal quotation marks omitted). We need only review the recent case law in this circuit to answer this question in the affirmative. However, because the Wallace decision concludes that the district court’s omission was a clear violation of 18 U.S.C. § 3553(c)(1), I begin my analysis with this statute.
There are two types of sentences under 18 U.S.C. § 3553(c) — a within-Guidelines sentence that exceeds twenty-four months, governed by § 3553(c)(1), and an outside-Guidelines sentence, which is governed by 18 U.S.C. § 3553(c)(2). Specifically, the statute provides:
(c) Statement of reasons for imposing a sentence. — The court, at the time of sentencing, shall state in open court the *450 reasons for its imposition of the particular sentence, and, if the sentence—
(1) is of the kind, and within the range, described in subsection (a)(4)[5] and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range; or
(2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in a statement of reasons form issued under section 994(w)(l)(B) of title 28, except to the extent that the court relies upon statements received in camera in accordance with Federal Rule of Criminal Procedure 32. In the event that the court relies upon statements received in camera in accordance with Federal Rule of Criminal Procedure 32 the court shall state that such statements were so received and that it relied upon the content of such statements.
18 U.S.C. § 3553(c) (emphasis added). In short, 18 U.S.C. § 3553(c) requires a sentencing court to provide an adequate explanation — a statement of its reasons — for imposing a particular sentence. The plain language of this statute raises a second, but equally important, question: is a district court’s statutory obligation pursuant to 18 U.S.C. § 3553(c)(1) — to state in open court its reason for imposing an inside-Guidelines sentence exceeding 24 months — distinct from any duty it may have to articulate, for the record, its reason for rejecting a defendant’s nonfrivo-lous argument for leniency? I conclude that it is.
Indeed, as we explained in Vonner, a sentencing court’s statement of reasons under § 3553(c)(1) may overlap with its explanation for rejecting a particular leniency argument, but it does not necessarily overlap:
Although Congress requires a court to give “the reasons” for its sentence, 18 U.S.C. § 3553(c), it does not say that courts must give the reasons for rejecting any and all arguments by the parties for alternative sentences. The statute also distinguishes between within-guidelines sentences like this one and outside-guidelines sentences, requiring judges to give “the specific reason” for imposing an outside-guidelines sentence, 18 U.S.C. § 3553(c)(2), but imposing no similar requirement for within-guidelines sentences.
Vonner, 516 F.3d at 387 (emphasis added).
The distinction we recognized in Vonner is directly supported by Rita, wherein the Supreme Court recognized that although § 3553(c) “does call for the judge to ‘state’ his ‘reasons’ .... we cannot read the statute (or our precedent) as insisting upon a full opinion in every case.” 551 U.S. at 356, 127 S.Ct. 2456.
The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances. Sometimes a judicial opinion responds to every argument; sometimes it does not; sometimes a judge simply writes the word “granted,” or “denied” on the face of a motion while relying upon context and the parties’ prior arguments to make the reasons clear. The law leaves much, in this respect, to the judge’s own professional judgment.

Id.

The Rita Court nonetheless observed that “a statement of reasons is impor-tante,]” and a sentencing judge must “set forth enough to satisfy the appellate court that he has considered the parties’ *451 arguments and has a reasoned basis for exercising his own legal decisionmaking authority.” Id. However, the Court deliberately stopped short of imposing the precise obligation now mandated by the majority in Wallace — requiring a district court to “explicitly address each nonfrivo-lous argument” when imposing a within-Guidelines sentence to show that it “ ‘listened’” to the defendant’s arguments for leniency (or its error is “plain.”). Wallace, 597 F.3d at 804 (emphasis added) (citation omitted). In effect, the Wallace majority “insist[s] upon a full [sentencing] opinion in every case.” Rita, 551 U.S. at 356, 127 S.Ct. 2456. We have never required such rote sentencing procedure, especially when viewed through the lens of plain error.
In Vonner, we recognized that, consistent with § 3553(c)(1) and (2), the Rita decision acknowledges a distinction between within-Guidelines and outside-Guidelines cases:
Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, [ ]the judge will normally go further and explain why he has rejected those arguments. Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation. Where the judge imposes a sentence outside the Guidelines, the judge will explain why he has done so.
Rita, 551 U.S. at 357, 127 S.Ct. 2456 (emphasis added); Vonner, 516 F.3d at 387.
When reviewing for procedural error that is plain, recognizing the difference between a -within-Guidelines sentence and an outside-Guidelines sentence is critical. The Wallace majority, however, failed to appreciate this distinction when it erroneously extended our holding in United States v. Blackie, 548 F.3d 395 (6th Cir.2008) to within-Guidelines cases.
In Blackie, the district court sentenced the defendant to 42 months of imprisonment, an outside-Guidelines sentence under § 3553(c)(2), “without [ever] indicating that the sentence was outside the Guidelines range or [explaining] the court’s specific reasons for [its] variance.” 548 F.3d at 398, 401. Accordingly, we held that the sentencing court’s failure to comply with § 3553(c)(2) was clear error because “[g]iv-en the clarity of § 3553(c)(2), the district court plainly erred when it did not refer to the applicable Guidelines range and failed to provide its specific reasons for [the] upward departure or variance at the time of sentencing[.]” Id. at 401 (first, second, and third alterations in original). Our holding in Blackie required the district court to comply with its statutory obligation to provide a specific reason for its imposition of an outside-Guidelines sentence. We did not hold that the district court’s error was clear because it failed to explain why it rejected any and all of the defendant’s arguments for leniency. The type of sentencing error committed in Blackie was not present in Wallace (nor is it present in the instant case).
We must be mindful that we are applying a deferential standard of review and may reverse an otherwise reasonable sentence only under “exceptional circumstances ... where the error is so plain that the trial judge ... [was] derelict in countenancing it.” United States v. Carroll, 26 F.3d 1380, 1383 (6th Cir.1994) (citation and internal quotation marks omitted); see also, Brissett, 375 Fed.Appx. at 475-76 (we apply a rebuttable presumption of reasonableness to cases involving within-Guidelines sentences). A sentencing court’s purported obligation to explicitly address each nonfrivolous leniency argument when imposing a within-Guidelines sentence is not mandated by 18 U.S.C. § 3553(c)(1), by the Supreme Court’s deci *452 sion in Rita, or the controlling law of this circuit (Vonner, Petrus, Lapsins, Mayber-ry, and Madden), but, nonetheless, the Wallace majority proclaims clear procedural error where there is no such clarity in our case law.
According to the Supreme Court’s decision in Marcus, an error is not plain when it is subject to reasonable débate. In this regard, the majority in Wallace acknowledged that the purported procedural error was not so clear or obvious at all:
We acknowledge that this issue is frequently litigated, and we have often rejected similar challenges. A general sense of deference to district courts on sentencing leads us to affirm sentences where the district judge has failed to fully explain the reason for the sentence. See, e.g., Petrus, 588 F.3d at 356 (affirming sentence where judge addressed arguments “in a bare-bone fashion.”); [ ] Simmons, 587 F.3d [at 361] (affirming sentence with little comment from the district court where issue is “conceptually straightforward such that we may assume, even absent express analysis by the judge, that the sentence reflects consideration of the argument,” and the argument was purely legal, not factual) (citation and quotation omitted); United States v. Duane, 533 F.3d 441, 453 (6th Cir.2008) (affirming sentence where district court did not respond to a nonfrivo-lous argument because “the district court imposed a within-Guidelines sentence, addressed the factors it found relevant, and addressed the majority of [Defendant’s] arguments”); [] Lapsins, 570 F.3d [at 774] (affirming sentence .where the district court did not specifically respond to Defendant’s arguments because it stated “that it had accounted for the ‘nature and circumstances’ of the offense and the history and the characteristics of [Defendant]”); but see [] Blackie, 548 F.3d [at 401] (finding the district court “plainly erred when it did not refer to the applicable Guidelines range and failed to provide its specific reasons for an upward departure or variance at the time of sentencing”); United States v. Barahona-Montenegro, 565 F.3d 980, 984 (6th Cir.2009) (remanding for resentencing where the “district court’s oral sentence fail[ed] to calculate clearly the appropriate Guidelines range, but also [did not] adequately explain the chosen sentence”); United States v. Thomas, 498 F.3d 336, 341 (6th Cir.2007) (remanding for resentencing on review for reasonableness where Court was “unsure as to whether the district court adequately considered and rejected [Defendant’s] arguments regarding proper application of the § 3553(a) factors or whether it misconstrued, ignored, or forgot [Defendant’s] arguments”); United States v. Johnson, 488 F.3d 690, 700 (6th Cir.2007) (remanding when Court was “unable to point to anything in the record to confirm”- the Court’s view that district court understood its discretion and the need to consider the § 3553(a) factors).
Wallace, 597 F.3d at 805-06.
As noted in Section I of this dissent, the record in the present case reveals that the sentencing judge listened and considered, but ultimately rejected, Pritchard’s low-risk-of-recidivism argument. Although the majority disagrees, the procedural sentencing error, if any, in the present case (and in Wallace) is neither clear nor obvious because the alleged error is subject to reasonable dispute. Therefore, by definition, the error, if any, is not plain error. See Marcus, 130 S.Ct. at 2164.
B.
Finally, the Wallace majority erred by expanding our holding in Blackie to a de *453 fendant’s substantial rights regarding a within-Guidelines sentence:
The Court in Blackie held that a violation of § 3553(c)(2), which deals with sentences outside the guidelines, affected a defendant’s substantial rights. The logic applies with equal force to claims under § 3553(c)(1), and the other circuits that the Blackie court relied on had made no differentiation between the subparts of § 3553(c). See United States v. Lewis, 424 F.3d 239, 247 (2d Cir.2005) (holding that “Section 3553(e) bestows on defendants the right to argue more effectively that ... a sentence is ‘reasonable.’ This right seems to us clearly to be ‘substantial.’ ”); In re Sealed Case, 527 F.3d 188, 193 (D.C.Cir.2008) (following the Second Circuit in holding that “failure to provide a statement of reasons as required by § 3553(c) is plain error, even when the length of the resulting sentence would otherwise be reasonable”) (citation and quotation omitted).
Wallace, 597 F.3d at 806-07 (emphasis added).[6]
However, we afford within-Guidelines sentences a rebuttable presumption of reasonableness that outside-Guidelines sentences, such as the sentences in Blackie, Lewis, and In re Sealed Case, do not enjoy. See Brissett, 375 Fed.Appx. at 475-76. This presumption “reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence [], both the sentencing judge and the Sentencing Commission [ ] have reached the same conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one.” Rita, 551 U.S. at 347, 127 S.Ct. 2456.
The Supreme Court has held that, for an appellant to satisfy the third prong of plain-error review, she must demonstrate that the error affected her substantial rights. Marcus, 130 S.Ct. at 2164. “In the ordinary case, to meet this standard an error must be ‘prejudicial,’ which means that there must be a reasonable probability that the error affected the outcome” of the sentencing proceedings. Marcus, 130 S.Ct. at 2164. See United States v. Wilson, 614 F.3d 219, 223-24 (6th Cir.2010) (“A sentencing error affects a defendant’s substantial rights when there is a reasonable probability that, but for the error, she would have received a more favorable sentence.”); United States v. Baker, 559 F.3d 443, 454 (6th Cir.2009) (“It is apparent from the record that there was a reasonable probability defendant would have received a more favorable sentence.”); United States v. Gonzalez-Castillo, 562 F.3d 80, 83 (1st Cir.2009) (“[I]n terms of substantial rights, this prong of the plain error analysis translates, in the sentencing context, into the requirement of a reasonable probability that, but for the error, the *454 district court would have imposed a different, more favorable sentence.” (citation and internal quotation marks omitted)). In Wallace, neither the majority nor the defendant put forth any factors to overcome the appellate presumption of reasonableness afforded by her within-Guidelines sentence. The defendant failed to show that the district court’s error, if any, affected her substantial rights because there was nothing in the record to indicate that the district court would have imposed a different sentence. Thus, although she allegedly demonstrated procedural error, she did not show a violation of a substantive right.
Judge McKeague, concurring in part and dissenting in part in Wallace, reached the same conclusion:
Although the district judge did not explain why he was not sympathetic with Wallace’s disparity argument — apart from saying that it did not represent an objectively reasonable basis for departure from the Guidelines range — it can hardly be argued that he was oblivious to the argument or inadvertently overlooked it, such that he would likely impose a different sentence if he were required to explain on remand. There is no suggestion that the district judge left the bench, fell asleep, or was otherwise distracted from hearing the argument. Considering the simplicity and straightforwardness of Wallace’s argument, it is clear that the district court considered it and intentionally rejected it.
The district court imposed a sentence within the Guidelines range. By observing that it had been presented with no objectively reasonable basis for departing from the Guidelines range, the district court implied its agreement with the Sentencing Commission’s determination of the appropriate sentence. The disparity objection asserted by Wallace was conceptually simple. The record shows that the court listened to the argument and considered the supporting evidence, and was fully aware of Wallace’s history and characteristics and took them into account. Under such circumstances, a lengthy explanation was not required. And finally, even if the explanation were so deficient as to frustrate meaningful review and therefore constitute procedural error, Wallace has fallen far short of carrying her burden of demonstrating that the error prejudiced her substantial rights and rendered the sentencing proceeding fundamentally unfair.
There is no manifest reason to believe Wallace’s substantial rights (as opposed to her technical procedural rights) were affected by the district court’s failure to make explicit what was so obviously implicit that Wallace and her attorney did not even bother to object, despite having been given two opportunities to do so. Moreover, inasmuch as Wallace has not shown that her substantial rights were affected, it follows that she has also failed to show that the lack of explanation impugned the “fairness, integrity or public reputation” of the sentencing proceeding.
This conclusion is supported by the en banc court’s reasoning in Vonner, where we noted that the district court did not specifically address all of Vonner’s arguments and thus failed to ensure that Vonner, the public, and the court of appeals understood why it picked the sentence it did. Vonner, 516 F.3d at 386. Nevertheless, this was held not to constitute remediable “plain error.”
*455 Wallace, 597 F.3d at 810-12 (emphasis added) (first and third alterations in original) (some internal citations removed).
I agree with Judge McKeague’s dissent and would hold that Vonner controls the present case and should have controlled Wallace.
III.
For these reasons, I respectfully dissent. I would affirm the procedural and substantive reasonableness of Pritchard’s sentence.[7]

. (a) Factors to be considered in imposing a sentence.- — -... (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for [] (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ... (5) any pertinent policy statement [ ] ... (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.
18 U.S.C. § 3553(a).

. 18 U.S.C. § 3553(a)(6) requires the district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct” when fashioning the defendant’s sentence.

. I note that Judge Clay wrote a detailed dissent in United States v. Simmons, 587 F.3d 348 (6th Cir.2009), where the majority rejected his view that "[e]ven under the deferential plain-error standard, [a] district court’s utter failure to address [a defendant’s] patently nonfrivolous argument [for leniency] constitutes reversible error.” Id. at 371. Nevertheless, and despite the panel’s rejection of that view, his dissenting opinion in Simmons became the rationale of the Wallace decision. See Wallace, 597 F.3d at 805-808.

. 18 U.S.C. § 3553(a)(4) refers to the applicable, recommended Guidelines range.

. Contrary to the majority’s assertion, United States v. Lewis, 424 F.3d 239 (2d Cir.2005), and In re Sealed Case, 527 F.3d 188 (D.C.Cir.2008), involved the appellate courts' review of outside-Guidelines sentences imposed pursuant to deficient statements of reason in violation of 18 U.S.C. § 3553(c)(2). Lewis, 424 F.3d at 245 ("Section 3553(c)(2) applies to the sentencing in this case, as the government concedes, because, inter alia, the section refers to sentences outside the ranges that are suggested by the Sentencing Commission!.]”); In re Sealed Case, 527 F.3d at 193 (”[t]he fact that eighteen months is twice the Guidelines maximum matters because § 3553(c)(2) requires not just a statement of reasons, and not just a written statement of reasons, but a statement explaining the reason for a departure from a guideline or policy statement "with specificity”). Thus, like Blackie, both Lewis and In re Sealed Case stand for the proposition that a deficient statement of reasons affects a defendant’s substantial right for meaningful appellate review when imposing an outside-Guidelines sentence governed by § 3553(c)(2).

. Pritchard has not raised a colorable argument attacking the substantive reasonableness of his within-Guidelines sentence. See In re Travel Agent Comm’n Antitrust Litig., 583 F.3d 896, 901 (6th Cir.2009) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived[.]”) (citing Phinazee, 515 F.3d at 520).