**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 10a0252n.06**

**No. 09-4244**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Apr 23, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Northern |
| TYRONE A. BRISSETT, | ) | District of Ohio |
| | ) | |
| Defendant-Appellant. | ) | |

Before:       GUY, BOGGS, and SUTTON, Circuit Judges.

BOGGS, Circuit Judge.  Tyrone A. Brissett, a Jamaican citizen, was sentenced to 13 months of imprisonment for illegal reentry after deportation, in violation of 8 U.S.C. § 1326.  In this appeal, he challenges only the substantive reasonableness of his within-Guidelines sentence.  We affirm.

## I.  FACTUAL BACKGROUND

On May 4, 2008, Willoughby Hills police pulled Brissett over for driving slowly and weaving in and out of his lane.  During the stop, he provided a fraudulently obtained driver's license, leading to his arrest.  A subsequent search of his car turned up plastic bags containing about two pounds of marijuana.  His arrest also resulted in the discovery that he had been deported to Jamaica on two prior occasions.  Local officials notified Immigration and Customs Enforcement, and an immigration detainer was issued.  Approximately one year later, while he was serving a state sentence for drug

trafficking, a federal grand jury returned an indictment charging him with a single count of illegal reentry, to which he eventually pleaded guilty.

According to Brissett's presentence report ("PSR"), he had a number of prior felony convictions. In 1987, he was convicted of falsely claiming United States citizenship, after which he was deported to Jamaica for the first time. Then, in 1993, he was convicted of illegal reentry and sent back again. Under USSG §4A1.2(e), these convictions were too stale to count toward his criminal history score. However, they were not too old to impact his offense level. Accordingly, the PSR recommended an enhancement under USSG §2L1.2(b)(1)(D), which mandates a 4-level increase "[i]f the defendant previously was deported . . . after . . . any other felony[.]" All told, Brissett's total recommended offense level was 10.[1] Given the PSR's determination that Brissett should be placed in Criminal History Category III—a determination based on the state drug-trafficking conviction and a state conviction for petit larceny—the resultant advisory Guidelines range was 10 to 16 months of imprisonment.

At sentencing, the district court adopted the PSR's Guidelines calculations, after which it permitted the parties to offer any additional comments relative to the sentence. Brissett's attorney spoke first and advanced a number of mitigation arguments. He focused principally on the violence that allegedly plagued Brissett's life in Jamaica, noting that Brissett had enraged a gang by finding a cache of weapons and tossing the arms into the sea. According to Brissett's attorney, Brissett's family home was burned to the ground in retribution, prompting Brissett to flee to the United States.

---

[1]The PSR recommended a base offense level of 8, pursuant to USSG §2L1.2(a). The PSR also suggested a 2-level reduction for acceptance of responsibility, pursuant to USSG §3E1.1(a).

Of course, Brissett was then deported to Jamaica, where the acts of violence supposedly resumed.

Specifically, Brissett's attorney claimed that Brissett was the target of a shooting that resulted in the

death of Brissett's friend. On the strength of these alleged episodes, as well as others, Brissett's

attorney submitted "to the [c]ourt that there has been significant mitigation for Mr. Brissett's return

to the United States. And that mitigation was not only for his own safety but for the safety of others,

especially those who may be close to him."

In addition to discussing Brissett's motivations for illegally entering the United States,

Brissett's attorney also spoke about Brissett's children, observing:

> Now, since [Brissett] has been here, he does have children, American-born children,
> the most recently [sic] is a 20-month-old child in the Cleveland area, with whom he
> was maintaining a relationship before his arrest in his state case. Unfortunately, that
> young child has been taken into the custody of the state authorities after having
> suffered a skull fracture within the custody of the child's mother.

Once the parties had concluded their remarks, the district court indicated that it was required

to "impose a sentence sufficient but not greater than necessary to comply with the purposes of

sentencing set forth in Section 3553(a)(2)." The district court then discussed a number of factors,

and imposed a 13-month, middle-of-the-range sentence, offering the following explanation:

> Now here is the situation -- and I think, Mr. Bryan, you do well on behalf of your
> client by making some points about his life and the sadness and tragedy in his life,
> the acts of violence that seem to start in Jamaica and then follow him to the United
> States. And I think in his case we'd probably be more sympathetic if when he
> returned to the Untied States, he, first of all, had permission to return, but secondly,
> if he didn't commit crimes, particularly drug crimes.
>
> Now he tried to explain his drug conviction in the Lake County Common Pleas
> Court. Nonetheless, he was convicted for trafficking in marijuana, and he was
> sentenced and he's -- his sentence isn't due to expire until next month.

So he's been deported now twice. He has returned to this country. And I understand that he has children here, and it's a very, very sad circumstance relating to particularly the 20-month-old child, but the fact remains that the defendant is in this country illegally. The fact remains he has been deported twice. It's somewhat of a tough situation because of the violence that he does face in Jamaica.

I mean, there is [sic] no two ways about it. But it doesn't really, in the [c]ourt's mind, mitigate the wrongfulness of the conduct in coming -- in returning to the United States in spite of the fact that he's now been deported twice, and he knows full well that he is not allowed to return.

That said, the [c]ourt believes a [G]uideline sentence is an appropriate sentence in this case. There is something that could be said for going above the [G]uidelines because this is now the third time the defendant has appeared in [c]ourt. There is something, because of his tragic past, that some might consider, although the [c]ourt doesn't find compelling, that you ought to go below the [G]uidelines.

Concluding, the district court opined that, "in this instance, the [G]uideline does in fact mete out the appropriate punishment."

Brissett now appeals.

## II. ANALYSIS

### A. Standard of Review

"We review a district court's sentencing decision for reasonableness under a 'deferential abuse-of-discretion standard.'" *United States v. Petrus*, 588 F.3d 347, 351 (6th Cir. 2009) (quoting *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007)). Reasonableness review has two components: one procedural, the other substantive. *See United States v. Brown*, 501 F.3d 722, 724 (6th Cir. 2007) (citing *United States v. Smith*, 474 F.3d 888, 894 (6th Cir. 2007)).

The procedural component is evaluated first. In doing so, we must

ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the

> Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

*Gall v. United States*, 552 U.S. 38, 51 (2007).

If it passes procedural muster, we must then determine whether the sentence is substantively reasonable. In doing so, we are required to "take into account the totality of the circumstances[.]" *Ibid.* "The touchstone for our review is whether the length of the sentence is reasonable in light of the § 3553(a) factors." *United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2007); *see also United States v. Kirchhof*, 505 F.3d 409, 417 (6th Cir. 2007) ("We reverse sentences when it is unreasonable to conclude that the circumstances, in light of the § 3553(a) factors, justify the sentence issued."). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008) (citation omitted). On the other hand, "[t]he fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

In cases involving within-Guidelines sentences, this court applies a rebuttable presumption of reasonableness. *See Conatser*, 514 F.3d at 520 ("A properly calculated within-guidelines sentence will be afforded a rebuttable presumption of reasonableness on appeal."). This "presumption is not binding." *Rita v. United States*, 551 U.S. 338, 347 (2007). It simply "reflects the fact that, by the time [we] consider[] a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission . . . have reached the *same* conclusion as to the proper sentence in the

No. 09-4244
United States v. Tyrone A. Brisset

particular case." *Ibid.* "That double determination significantly increases the likelihood that the sentence is a reasonable one." *Ibid.*

**B. Substantive Reasonableness**

1. *Failure to Consider Relevant Factors*

Early in his brief's analysis section, Brissett claims "that the district court failed to consider relevant factors that render the enhancement [under §2L1.2(b)(1)(D)] substantively unreasonable *as applied to his case.*"[2] Appellant's Br. at 14. As an initial matter, we note that it is probably inaccurate to characterize this claim as pertaining to the substantive reasonableness of Brissett's sentence. Though we have repeatedly stated that a sentence is substantively unreasonable if the district court fails to consider relevant factors, *see, e.g., Conatser*, 514 F.3d at 520, that notion is derived from our decision in *United States v. Webb*, 403 F.3d 373 (6th Cir. 2005), which did not distinguish between substantive and procedural reasonableness. Following *Webb*, we have also referred to the failure to consider relevant § 3553(a) factors as a procedural error.[3] *See, e.g., Conatser*, 514 F.3d at 519. Recently, we have begun to rectify this apparent overlap, moving toward the notion that "the substantive reasonableness inquiry turns primarily on whether 'the length of the sentence is reasonable in light of the § 3553(a) factors.'" *United States v. Basulto-Pulido*, 309 F. App'x 945, 948 (6th Cir. 2009) (quoting *Tate*, 516 F.3d at 469).

---

[2]Although Brissett failed to make this argument below, we need not decide whether it is forfeited; the fate of his claim is the same regardless of the applicable standard of review.

[3]For its part, the Supreme Court agrees with the latter categorization, including "fail[ure] to consider the § 3553(a) factors" in a list of "significant procedural error[s]." *Gall*, 552 U.S. at 51.

But that issue is ultimately beside the point. Given the broader context of his argument, we are not convinced that Brissett actually means to argue that the district court shirked its obligation to consider relevant § 3553(a) factors. If he did, his brief would be internally inconsistent, for he concedes that his sentence is procedurally reasonable, admitting that "the district court properly calculated the Guidelines range and *addressed factors pursuant to 18 U.S.C. § 3553(a)*, in addition to listening and responding to his mitigation arguments." Appellant's Br. at 14 (emphasis added). With this potential contradiction in mind, we find it more plausible that Brissett is simply parroting language from the typical standard of review in an attempt to underscore his main position, which is that the enhancement under §2L1.2(b)(1)(D) makes the length of his sentence unreasonable.

However, even if we take Brissett's claim at face value, we find no error, as the record plainly indicates that the district court fulfilled its duty to consider the § 3553(a) factors. During Brissett's sentencing hearing, the district court announced that it was "required to consider the applicable factors enumerated in Section 3553(a)" and specifically confirmed that it had done so. While the district court did not explicitly mention every one of the § 3553(a) factors, "we have never required the ritual incantation of the factors to affirm a sentence." *United States v. Smith*, 505 F.3d 463, 467 (6th Cir. 2007) (citation and internal quotation marks omitted). "Instead, district courts need only articulate their reasoning in a manner sufficient to allow for meaningful reasonableness review by appellate courts." *United States v. Pearson*, 212 F. App'x 504, 507 (6th Cir. 2007) (citing *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005)). We are satisfied that, in the present case, the district court discharged this obligation.

No. 09-4244
United States v. Tyrone A. Brisset

Before concluding with this argument, we acknowledge one more possibility, namely, that Brissett is attacking the district court's failure to consider relevant *facts*. Even so, there is no error. As noted above, Brissett admits that the district court considered and addressed his mitigating arguments. *See* Appellant's Br. at 14. Though there might be other facts that weigh in favor of a lesser sentence, "it [is] not incumbent on the District Judge to raise every conceivably relevant issue on his own initiative." *Gall*, 552 U.S. at 54; *see also United States v. Walls*, 546 F.3d 728, 737 (6th Cir. 2008) (holding that the district court's failure to consider a defendant's "age [and] the age of his offenses" was not an abuse of discretion because the defendant never brought them up).

## 2. Reasonableness in Light of the § 3553(a) Factors

Brissett's main argument is that his within-Guidelines sentence is unduly long in light of the § 3553(a) factors. In making this argument, he contends that the enhancement imposed under §2L1.2(b)(1)(D) "overstates the nature and circumstances of the offense and [his] criminal history[.]" Appellant's Br. at 15. Essentially, he claims that, because the enhancement was "based on long-past prior felonies committed [while he] was fleeing for his life," the district court was required to temper the enhancement's impact through a downward variance.[4] Appellant's Br. at 26. Ultimately, we are unpersuaded, and we hold that Brissett has failed to overcome the presumption of reasonableness that accompanies his within-Guidelines sentence.

_____

[4]Brissett does not appear to have raised the staleness of his felonies below. As we stated in *United States v. Vonner*, "[w]hile we do not require defendants to challenge the 'reasonableness' of their sentences in front of the district court, we surely should apply plain-error review to any arguments for leniency that the defendant does not present to the trial court." 516 F.3d 382, 391 (6th Cir. 2008) (en banc). However, as before, the applicability of plain-error review is immaterial, as we reach the same result under an abuse-of-discretion standard.

For purposes of the following analysis, we will assume that the Ninth and Tenth Circuits are correct in holding that the staleness of an enhancing conviction can theoretically render a within-Guidelines sentence substantively unreasonable. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1054–58 (9th Cir. 2009); *United States v. Chavez-Suarez*, --- F.3d ----, 2010 WL 761077, at *1 (10th Cir. 2010). According to the Ninth Circuit, "[t]he fact that Section 2L1.2(b) addresses the seriousness of the offense—as opposed to the risk of recidivism—explains the absence of time limitations on qualifying predicate convictions. It does not, however, justify increasing a defendant's sentence *by the same magnitude* irrespective of the age of the prior conviction at the time of reentry."[5] *Amezcua-Vasquez*, 567 F.3d at 1055; *but see United States v. Adeleke*, 968 F.2d 1159, 1161 (11th Cir. 1992) ("[T]he enhancement under § 2L1.2 is designed to deter aliens who have been convicted of a felony from re-entering the United States.").

Furthermore, we assume, *arguendo*, that "a downward variance may sometimes be warranted based on the relatively benign nature of a particular offense in comparison to other offenses triggering the same enhancement." *Chavez-Suarez*, 2010 WL 761077, at *2 (10th Cir. 2010). Section 2L1.2(b) "look[s] only to the conviction itself rather than the conduct underlying the conviction." *United States v. Trujillo-Terrazas*, 405 F.3d 814, 820 (10th Cir. 2005). Therefore, the

---

[5]This reasoning has met with legitimate criticism. First, as Judge O'Scannlain noted in his dissent from the denial of a rehearing en banc, "the Guidelines do not assume that a decades-old prior conviction is deserving of the same severe additional punishment as a recent one." *United States v. Amezcua-Vasquez*, 586 F.3d 1176, 1179 (9th Cir. 2009). Indeed, the Guidelines account for the staleness of a defendant's prior felony conviction by omitting it from the "calculation of the defendant's criminal history score." *Ibid.* Second, in faulting a district court for failing to vary downward on account of an enhancing conviction's age, an appellate court risks "usurp[ing] the policymaking role of the district court as well as the Sentencing Commission." *Id.* at 1080.

sympathetic circumstances surrounding a defendant's underlying conviction might conceivably require mitigation of an enhancement under §2L1.2(b)—as opposed to permitting it, which they certainly do.

However, despite the age of Brissett's convictions and the alleged motivations behind his numerous illegal entries, the duration of his sentence is reasonable. While it is true that Brissett's prior felony convictions are somewhat old, they represent installments in an ongoing pattern of behavior. Indeed, the sentence at issue is for illegal reentry, precisely the same crime that underlies the enhancement.[6] Brissett's previous brushes with the law simply have not dissuaded him from illegally returning to the United States; he admitted knowing that he is not allowed to return, and yet he has done so at least twice. Moreover, after his most recent reentry, he committed a felony drug-trafficking offense. As a consequence, Brissett's case presents a situation in which a significant term of incarceration is necessary "to promote respect for the law" and "to afford adequate deterrence to criminal conduct[.]" 18 U.S.C. § 3553(a)(2)(A)–(B). In the words of the district court, "[t]here is something that could be said for going above the [G]uidelines because this is the third time the defendant has appeared in [c]ourt." That the district court did not vary upward suggests to us that it adequately accounted for Brissett's sympathetic circumstances, such as they may be.

### III. CONCLUSION

Brissett's sentence is substantively reasonable. Thus, we affirm.

---

[6]Of course, the enhancement could also have been imposed on the basis of his conviction for falsely claiming United States citizenship, but that crime is a close cousin of the present offense.