KAREN NELSON MOORE,
dissenting.
Joaquin Lafarga argues that his sentence is procedurally unreasonable because the district court failed to acknowledge and address his argument for a downward variance based on the disparity in sentencing between districts that have the fast-track disposition program for 8 U.S.C. § 1326 cases and those that do not. Because I believe that the district court’s failure to address Lafarga’s nonfrivolous argument for a lower sentence constituted a plain error, I would vacate Lafarga’s sentence and remand for resentencing.
In United States v. Camacho-Arellano, 614 F.3d 244, 248-49 (6th Cir.2010), this court recently held that district courts unquestionably have the power to vary categorically from the U.S. Sentencing Guidelines (“U.S.S.G.”) based on the fast-track disparity. As a result, Lafarga is challenging on appeal the district court’s failure to consider what has proven to be a nonfrivolous argument for a below-Guidelines sentence, and, in order to withstand appellate review, a district court is “normally” expected to “explain why [it] has rejected” any “nonfrivolous reasons for imposing a different sentence.” Rita v. United States, 551 U.S. 338, 357, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); see United States v. Gapinski, 561 F.3d 467, 474 (6th Cir.2009) (“When a defendant raises a particular, nonfrivolous argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant’s argument and that the judge explained the basis for rejecting it.” (internal quotation marks and alterations omitted)); United States v. Recla, 560 F.3d 539, 547 (6th Cir.2009) (same).
Assuming, as the majority concludes, that our review is for plain error, the question that remains is whether the district court’s failure to address Lafarga’s nonfrivolous, fast-track disparity argument rises to the level of an error that “affected [Lafarga’s] substantial rights” as well as the “fairness, integrity, or public reputation of the judicial proceedings.” United States v. Vonner, 516 F.3d 382, 386 (6th Cir.2008) (en banc) (internal quotation marks omitted). I believe that it does, and I find instructive the recent decision in United States v. Wallace, 597 F.3d 794, 803 (6th Cir.2010).[3] In Wallace, we reiterated that Vonner made clear that this court affords extreme deference to the sentencing court under plain-error review and that the sentencing court is not re *265 quired to “ ‘give the reasons for rejecting any and all arguments by the parties for alternative sentences.’ ” Wallace, 597 F.3d at 804 (quoting Vonner, 516 F.3d at 387). The critical inquiry in determining whether an explanation for a sentence is sufficient is “whether ‘the record makes clear that the sentencing judge listened to each argument,’ ‘considered the supporting evidence,’ was ‘fully aware’ of the defendant’s circumstances and ‘took them into account’ in sentencing him.” Vonner, 516 F.3d at 387 (quoting Rita, 127 S.Ct. at 2469, alteration omitted). Applying this standard, the panel in Wallace determined that the district court’s “failure to consider [the defendant’s] argument that she received a longer sentence than [her co-conspirator], even though he played a much larger part in the conspiracy,” Wallace, 597 F.3d at 802, amounted to plain error because there was nothing in the record to “ ‘make[ ] clear that the sentencing judge considered the evidence and arguments,’ ” id. at 805 (quoting Vonner, 516 F.3d at 387 and Rita, 551 U.S. at 359, 127 S.Ct. 2456) (alteration in original).
Contrary to the majority’s conclusion, and in line with Wallace, I do not believe that the standard set forth in Rita and Vonner has been satisfied in the instant case. The district court’s failure to address Lafarga’s argument amounts to an obvious error for several reasons. Most importantly, there is nothing in the record to indicate that the district court even comprehended, let alone considered, Lafarga’s nonfrivolous fast-track argument. After Lafarga argued in open court for a variance based on the absence of the fast-track program — an argument that had also been raised in Lafarga’s sentencing memorandum — the prosecutor interjected “to ... address th[e] point[ ].” Dist. Ct. Dkt. Doc. (“Doc.”) 40 (Sent. Hr’g Tr. at 4). Unfortunately, the prosecutor then proceeded to discuss only Lafarga’s criminal history and shifted attention away from the disparity argument. From that moment on, there was not “even a cursory mention” of the fast-track facet of Lafarga’s request for a variance. See Wallace, 597 F.3d at 804. Admittedly, the district court stated that it “read the [sentencing] memorandum, and [it] understood] all that,” Doc. 40 (Sent. Hr’g Tr. at 7), but the majority simply infers from this one statement that the district court understood Lafarga’s claim and ignores the fact that the district court’s statement came immediately after Lafarga’s argument for a lesser sentence based on family circumstances. The “understanding” to which the district court plainly referred was entirely unrelated to the fast-track argument — the district court was focused on whether a lesser sentence was justified based on the fact that Lafarga’s life in Mexico was apparently difficult and that many of his children are U.S. citizens.
Given that the district court never once even mentioned Lafarga’s fast-track argument, I strongly disagree with the majority’s conclusion that “it is evident that the court carefully considered Lafarga’s request.” Maj. Op. at 260. This conclusion is unsupportable and is based on nothing more than pure speculation. Indeed, I believe it impossible to conclude that the district court “carefully considered” Lafarga’s argument when the district court never even mentioned the argument that it purportedly considered. As explained in Wallace, “[n]one of [our cases] ... indicate[ ] that this Court should affirm a sentence when no part of the record makes clear that the district judge even understood Defendant’s argument.” Wallace, 597 F.3d at 806 (collecting cases that affirm on plain-error review). The record here is totally lacking.
My belief that a remand is required is further buttressed by the fact that Lafar *266 ga’s argument for a variance was not a “straightforward, conceptually simple” legal argument of the type that a district court is not required to address in depth. See, e.g., Rita, 551 U.S. at 356, 127 S.Ct. 2456; United States v. Simmons, 587 F.3d 348, 361-62 (6th Cir.2009); Vonner, 516 F.3d at 388. Prior to Camacho-Arellano, there was no explicit statement from this circuit that district courts were even entitled to consider the fast-track disparity in sentencing illegal-reentry defendants. See Camacho-Arellano, 614 F.3d at 248-49 (discussing the confusion in the circuit); see also United States v. Robertson, 309 Fed.Appx. 918, 924 (6th Cir.2009) (unpublished opinion) (explaining that an argument for a lower sentence is not “conceptually simple” when it is “more specific and complex than a general § 3553(a) variance argument”); cf. Simmons, 587 F.3d at 362 (noting that the defendant’s argument for a variance based on the crack-cocaine disparity was not complex because it was a “straightforward legal argument” that was “routinely made,” and “the sentencing judge was no doubt familiar with [the] line of reasoning”). And, as a result, the contours of the law in this circuit with respect to fast-track disparities at the time of Lafarga’s sentencing were unclear, entirely undeveloped, and in need of cautious consideration. The complexity and novelty of the argument that Lafarga presented to the district court is further evidenced by the fact that there continues to be a circuit split on whether district courts can vary based on the fast-track disparity. See Camacho-Arellano, 614 F.3d at 249-51. Lafarga’s argument is simply unlike those purely legal arguments that panels of this court have held do not require a detailed response.
The conclusion that a remand is required is also supported by the fact that Lafarga did not merely raise this particular argument for a lower sentence “in passing” or as one of numerous arguments. Cf. e.g., United States v. Madden, 515 F.3d 601, 611 (6th Cir.2008); United States v. Jones, 489 F.3d 243, 251 (6th Cir.2007); United States v. Hamid, 227 Fed.Appx. 475, 478-79 (6th Cir.2007) (unpublished opinion). Instead, Lafarga raised two sentencing-related arguments, and he raised them both prior to and during the sentencing hearing. Finally, my belief that a remand is necessary is supported by the fact that the district court’s general justification for Lafarga’s sentence under 18 U.S.C. § 3553(a) was lacking. The district court failed to discuss in depth any of the 18 U.S.C. § 3553(a) factors, merely concluding that it had “considered the advisory guidelines and 18 USC, Section 3553(a),” Doc. 40 (Sent. Hr’g Tr. at 11). The cases where this circuit has held that the failure to consider or respond to a defendant’s argument does not amount to plain error have included a discussion of the relevant sentencing factors to an extent simply not present in the record here. See, e.g., United States v. Phillips, 516 F.3d 479, 489 (6th Cir.2008); United States v. Blackwell, 459 F.3d 739, 774 (6th Cir.2006).
In sum, I would conclude that the district court’s “failure to even so much as acknowledge” Lafarga’s argument “constitutes an error that was obvious or clear,” Wallace, 597 F.3d at 806, and that the instant case does not fall within the boundaries of any of the apparent exceptions to the district court’s duty to acknowledge and address a nonfrivolous argument. Furthermore, for the reasons set forth in Wallace, I would conclude that the district court’s failure to comply with 18 U.S.C. § 3553(c) and “state in open court the reasons for its imposition of the particular sentence” affected Lafarga’s substantial right to appellate review as well as the fairness, integrity, or public reputation of judicial proceedings. See Wallace, 597 *267 F.3d at 807 (citing United States v. Blackie, 548 F.3d 395, 402 (6th Cir.2008)). Lafarga has thus met the test for plain error, and a remand is required.
Because I believe in order to resolve this case properly we must remand for resentencing, I would refrain from reaching Lafarga’s argument that his sentence is substantively unreasonable. But I offer a few observations as to the majority’s resolution of this claim. As an initial matter, I agree with the premise of Lafarga’s argument— that an enhancement under U.S.S.G. § 2L1.2 predicated on a “stale” conviction could result in a substantively unreasonable within-Guidelines sentence. Stated otherwise, I can envision circumstances in which the district court’s application of the Guidelines would not result in a proper sentence under 18 U.S.C. § 3553(a) because U.S.S.G. § 2L1.2(b) itself does not appropriately reflect the values embodied in 18 U.S.C. § 3553(a). Thus, I do not believe that the fact that the district court “simply applied the relevant Guideline,” Maj. Op. at 263, obviates our obligation to determine whether, in a particular case, the Guideline properly reflects the § 3553(a) factors. In fact, although the majority fails to acknowledge this point, two other circuits have credited the argument that in some cases the staleness of a predicate felony will require deviation from the illegal-reentry Guideline. See United States v. Amezeua-Vasquez, 567 F.3d 1050, 1055 (9th Cir.2009); United States v. Chavez-Suarez, 597 F.3d 1137, 1138 (10th Cir.2010) (agreeing with Amezcua-Vasquez).
This circuit has not yet addressed Lafarga’s argument in a published opinion, but in United States v. Brissett, 375 Fed.Appx. 473, 477-78 (6th Cir.2010), a panel assumed without deciding that the “Ninth and Tenth Circuits [were] correct in holding that the staleness of an enhancing conviction can theoretically render a within-Guidelines sentence substantively unreasonable.” Ultimately, the panel concluded while “sympathetic circumstances surrounding a defendant’s underlying conviction might conceivably require mitigation of an enhancement under § 2L1.2(b) — as opposed to permitting it, which they certainly do,” Brissett, 375 Fed.Appx. at 478, the defendant there had failed to make the required showing.
I believe that the approach taken in Brissett is the proper approach in this case as well, and if I were to reach Lafarga’s substantive-reasonableness claim, I would assume that the staleness of a conviction could, in appropriate circumstances, require a below-Guidelines sentence. As in Brissett, however, I believe that Lafarga’s case is simply not such a case. Although it is true that Lafarga’s predicate felony was too old to be counted in the Guidelines’ criminal-history calculation, which certainly weighs heavily in favor of a finding that the sixteen-level Guidelines enhancement resulted in a sentence greater than necessary to serve the purposes of sentencing, I find it highly significant that Lafarga never ceased his criminal activity after that predicate conviction. In fact, as the district court noted, Lafarga has shown continual disrespect for the laws of the United States by repeatedly entering the country without permission and by repeatedly committing crimes-albeit ones that varied in severity.
In conclusion, I would hold that the district court’s failure to address Lafarga’s request for a lower sentence based on the fast-track disparity resulted in a procedurally unreasonable sentence and would REMAND the case to the district court for resentencing. For the foregoing reasons, I must dissent.

. Wallace is an applicable published opinion that explicitly distinguishes Vonner, and it is therefore precedent that binds this panel.