NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0418n.06

No. 11-5210

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Apr 16, 2012

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE SANTOS HERNANDEZ-CALDERON,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF
TENNESSEE

Before: MARTIN, SUTTON, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Jose Hernandez-Calderon, a Mexican national, pled guilty to illegally reentering the United States after his deportation, in violation of 8 U.S.C. § 1326. The federal sentencing guidelines recommended a sentence of 37 to 46 months in prison, after including an enhancement for Hernandez-Calderon's 1992 felony conviction for aggravated sexual assault of a child under 14. *See* U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (Nov. 2010). The district court sentenced him to 37 months in prison, the low end of the guidelines range. Hernandez-Calderon now argues that his sentence is substantively unreasonable. We affirm.

District courts have broad discretion to impose sentences within the statutory range, so we review Hernandez-Calderon's sentence only for reasonableness. *United States v. Overmyer*, 663 F.3d 862, 863 (6th Cir. 2011). We treat his within-guidelines sentence as presumptively reasonable.

*United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). Hernandez-Calderon argues that his sentence is unreasonably long in light of the factors in 18 U.S.C. § 3553(a). *See United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2008) ("The touchstone for our review is whether the length of the sentence is reasonable in light of the § 3553(a) factors").

Hernandez-Calderon first argues that his sentence overstates the seriousness of his offense and his history and characteristics as an offender. *See* 18 U.S.C. § 3553(a)(1), (2)(A). He says that the district court should have varied from the guidelines because the enhancement for his prior violent felony did not account for the age of his prior crime or his subsequent lack of criminal activity. For support, he turns to a case from the Ninth Circuit, *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1056 (9th Cir. 2009), which held that a § 1326 offense is itself less serious when the offense that led to the defendant's deportation occurred many years ago.

The Ninth Circuit's opinion in *Amezcua-Vasquez* has received mixed reviews. *Compare United States v. Chavez-Suarez*, 597 F.3d 1137, 1137–38 (10th Cir. 2010) (adopting the holding of *Amezcua-Vasquez*, but distinguishing it) *with United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011) (refusing to adopt *Amezcua-Vasquez*). In a prior unpublished opinion, we assumed without deciding that *Amezcua-Vasquez* correctly held that the age of a prior conviction is relevant to the reasonableness of a defendant's sentence—even a sentence within the guidelines. *See United States v. Brissett*, 375 F. App'x 473, 477–78 (6th Cir. 2010). We will make the same assumption, without deciding the question, here.

The district court essentially gave Hernandez-Calderon the benefit of the rule of *Amezcua-Vasquez* when it sentenced him. Specifically, the court noted that Hernandez-Calderon's prior felony

No.  11-5210
*United States v. Hernandez-Calderon*

conviction was fifteen years old, that he had committed no other crimes (besides illegally re-entering the United States), and that this was his first § 1326 offense.  The district court also found, however, that Hernandez-Calderon's prior conviction was one of the most serious prior convictions that the court had ever encountered in a § 1326 case.

Hernandez-Calderon argues nonetheless that his case is indistinguishable from *Amezcua-Vasquez*.  There, the Ninth Circuit held that Amezcua-Vasquez's 52-month sentence was substantively unreasonable because his prior conviction was 25 years old.  *Id.* at 1051–52.  Hernandez-Calderon says that, based on the Ninth Circuit's reasoning, his sentence too was substantively unreasonable in light of the age of his prior conviction.  But the cases are distinguishable on their facts.  Sexually assaulting a 12-year-old is arguably, if not significantly, more serious than stabbing a rival gang member during a bar fight—the crime for which Amezcua-Vasquez was deported.  Among other things, the victim in Hernandez-Calderon's prior offense was presumably less blameworthy than the victim in Amezcua-Vasquez's offense.  Taking all of the circumstances into account, therefore, Hernandez-Calderon's sentence was not an abuse of discretion.

Next, Hernandez-Calderon argues that he is entitled to a variance because the Sentencing Commission recently amended the guidelines to recommend lesser sentences for § 1326 defendants with older predicate convictions.  *See* Guidelines Manual app. C, Amend. 754 (Nov. 2011) (decreasing the § 2L1.2(b)(1)(A) enhancement from 16 to 12 levels where the defendant's prior conviction does not receive criminal history points).  But the Commission's ongoing effort to improve the guidelines does not show that its prior recommendations were unreasonable.

Hernandez-Calderon also argues that his § 1326 offense was not serious because it was non-violent and victimless: He re-entered the United States after his deportation because he could not earn enough money in Mexico to support his family. But that does not distinguish him from thousands of other § 1326 defendants who are prosecuted every year. Congress' decision to authorize up to 20 years in prison for Hernandez-Calderon's illegal re-entry with a prior aggravated felony reflects its view that his § 1326 offense is more serious than he would have us believe. *See* 8 U.S.C. § 1326(a), (b)(2). Moreover, Hernandez-Calderon's argument overlooks the need for his sentence to deter the commission of this offense. *See* 18 U.S.C. § 3553(a)(2)(B). So we reject this argument as well.

Finally, Hernandez-Calderon argues that his sentence was greater than necessary to protect the public against his future crimes. *See* 18 U.S.C. § 3553(a)(2)(C). He contends that his family will move with him to Mexico once he is released from prison, and thus he will have no reason to return to the United States. The district court credited Hernandez-Calderon's intent not to return, but was skeptical that his family will accompany him to Mexico, given their well-established ties to the United States. (Hernandez-Calderon's children, in particular, have lived their entire lives here.) As a result, the court believed that he will face a strong temptation to return to this country. That judgment, and Hernandez-Calderon's sentence itself, were reasonable.

The district court's judgment is affirmed.