NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 16a0335n.06

Case No. 15-3810

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 17, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| JOSE LOPEZ-RODRIGUEZ, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, BATCHELDER, and GIBBONS, Circuit Judges.

**SILER**, Circuit Judge. Defendant Jose Lopez-Rodriguez ("Lopez") appeals the district court's application of a sixteen-level sentencing enhancement under the Guidelines on the grounds that it was improperly applied to him, and that it produces a substantively unreasonable sentence in every case. For the following reasons, we **AFFIRM**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Lopez, a Mexican citizen, was convicted in a Pennsylvania state court of four counts related to drug trafficking and was sentenced to several years in state prison. Although he was deported following his release from state custody in 2013, he was arrested in Columbus, Ohio, less than two years later. Subsequently he pled guilty to the charge of illegal reentry of an alien previously convicted of a felony.

The presentence report ("PSR") set Lopez's base offense level at 8, then increased the base offense level by 16 pursuant to USSG § 2L1.2(b)(1)(A) because his 2011 Pennsylvania conviction was a drug trafficking offense for which the sentence imposed exceeded 13 months. With the three-level reduction for a timely acceptance of responsibility, his total offense level was 21. Given his criminal history category of II, the offense level corresponded to a Guideline imprisonment range of 41 to 51 months.

At sentencing, Lopez objected to the sixteen-level enhancement and claimed that he was not guilty of the charges of which he had been convicted in Pennsylvania. When the district court stated that "what you're mostly mad about is that some judge in Allegheny County, Pennsylvania, found you guilty of something you don't believe you were guilty of," Lopez agreed.

The district court overruled Lopez's objection, explaining that he should have appealed his state case and that he could not revisit the validity of the prior conviction at his federal sentencing. Ultimately, the district court varied downward from the Guidelines range and sentenced Lopez to 36 months' imprisonment, five months below the bottom of his Guideline level. When asked if either side had any objection to the sentence, the parties stated that they did not.

## DISCUSSION

### I.  Lopez's As-Applied Challenge to § 2L1.2(b)(1)(A)

Lopez first argues that "while the district court ultimately imposed a below-guidelines sentence . . . . [t]he district court failed to adequately consider the history and characteristics of the offender, and in particular the characteristics of the offender's Pennsylvania felony offenses," which "resulted in a substantively unreasonable sentence." We "consider the substantive

reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007).[1] Moreover, Lopez bears the weighty burden of rebutting the sentence's presumptive reasonableness. *See United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008) (citing *Gall*, 552 U.S. at 51; *Rita v. United States*, 551 U.S. 338 (2007)).

The district court did not abuse its discretion. Because Lopez had previously served time in prison for a drug trafficking conviction,[2] the probation officer recommended that Lopez should receive a sixteen-level enhancement. Moreover, Lopez even "concedes that his Pennsylvania drug conviction and sentence qualified for this enhancement."

Lopez's claim that the district court "refus[ed] to look at the circumstances" of his prior conviction—and thus "fail[ed] to consider pertinent 3553 factors"—lacks merit. In fact, he did not assert particular mitigating circumstances surrounding his prior offenses; rather, he essentially claimed that he was innocent of the crimes for which he was convicted, and that he was at most a minor participant undeserving of the charges that were brought against him.

Although the court may consider circumstances leading up to a crime, nothing—in § 3553(a) or elsewhere—obligates a court to pass judgment on whether a previous conviction was valid. Aside from the normal "channels of direct or collateral review," defendants generally may not attack the validity of a prior conviction, except on the ground that it was "obtained in

---

[1] The Government asserts that Lopez's argument should be considered as a procedural unreasonableness claim, given that the Supreme Court in *Gall* stated that "failing to consider the § 3553(a) factors" and "failing to adequately explain the chosen sentence" are both procedural errors. 552 U.S. at 51. And because Lopez "did not mention the alleged error in response to the district court's invitation of objections after announcing its sentence," the Government reasons, "the plain error standard governs." Since Lopez clearly cannot show that the district court abused its discretion, however, we need not consider the even stricter plain error standard.

[2] Lopez's previous Pennsylvania state convictions were for being an employee of a corrupt organization, for conspiracy, and for delivery/possession with intent to deliver a controlled substance.

violation of the right to counsel." *Daniels v. United States*, 532 U.S. 374, 382 (2001). Thus, "a prior conviction [that] has not been set aside on direct or collateral review . . . is presumptively valid and may be used to enhance [a] federal sentence." *Id.*

Lopez's reliance on *United States v. Brissett*, 375 F. App'x 473 (6th Cir. 2010), does not avail him. *Brissett* concerned illegal reentry of a removed alien who claimed that "because the enhancement [under USSG § 2L1.2] was 'based on long-past prior felonies committed [while he] was fleeing for his life,' the district court was required to temper the enhancement's impact through a downward variance." *Id.* at 477. Even though this court recognized that "the sympathetic circumstances surrounding a defendant's underlying conviction might conceivably require mitigation of an enhancement under § 2L1.2(b)," the defendant in *Brissett* failed to overcome the presumption of reasonableness that accompanied his sentence. *Id.* at 478. Such a conclusion applies even more forcefully for Lopez and his presumptively valid prior conviction in the instant case, as he does not have similar mitigating circumstances or stale convictions in his favor. Lopez has failed to show that the district court abused its discretion in applying (and varying below) a sixteen-level enhancement that he conceded was technically appropriate.

Because the district court sufficiently considered Lopez's § 3553(a) arguments and correctly refused to entertain the argument regarding Lopez's alleged innocence of his prior conviction convictions, the sentence is not unreasonable on these grounds.

## II. Lopez's Facial Challenge to § 2L1.2(b)(1)(A)

Lopez's other claim is a facial challenge that "th[is] Court should rule that [the sixteen-level enhancement] does not result in reasonable sentences, even in typical cases." Since this claim was not raised at the sentencing, Lopez bears the even greater burden of establishing that

the district court committed plain error in its below-Guidelines sentence. *See United States v. Rogers*, 769 F.3d 372, 384 (6th Cir. 2014).

According to the district court, "[i]n my mind, [the sixteen-level enhancement] is too harsh a penalty. . . . I think the guidelines are a little too harsh in this regard." Thus, the district court stated, "I'm willing to give you a little break. You're not going to think it's much of a break.  I think it's a big break." The court then proceeded to give Lopez a 36 month sentence— five months below the Guideline range of 41–51 months.

Perhaps latching onto the district court's feelings on this subject, Lopez raises a number of policy arguments in his attempt to paint the provision in question as a flawed Guideline. However, he has not provided a single authority stating that the district court was obligated to vary downward even further than it did based on his policy disagreement with § 2L1.2. And as we have previously stated, "the fact that a district court *may* disagree with a Guideline for policy reasons and *may* reject the Guidelines range because of that disagreement does not mean that the court *must* disagree with that Guideline or that it *must* reject the Guidelines range if it disagrees." *United States v. Brooks*, 628 F.3d 791, 800 (6th Cir. 2011).

**AFFIRMED.**